UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>COGENT COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No.<br><br>ECF CASE<br><br>JURY TRIAL DEMANDED<br><br>COMPLAINT |

Plaintiff John Doe, by way of Complaint against Defendant Cogent Communications, Inc., alleges as follows:

## NATURE OF THE ACTION

This is an action by an aggrieved individual against his former employer alleging violations of New York State and New York City law for a hostile work environment.

## JURISDICTION AND VENUE

1. Because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

2. Venue is based on 28 U.S.C. § 1391(b)(1) insofar as Defendant Cogent Communications, Inc. resides within this Judicial District, and (b)(2) insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

3. Pursuant to Section 8–502(c) of the New York City Administrative Code, prior to commencing this action, Plaintiff served a copy of this Complaint upon the New York City Commission on Human Rights and the Corporation Counsel.

## PARTIES

4. Plaintiff John Doe[1] ("Plaintiff") is an individual residing in North Brunswick, New Jersey.

5. Upon information and belief, Defendant Cogent Communications, Inc. ("Cogent") is a Delaware corporation which maintains a place of business at 25 Broadway, New York, New York 10004 ("Cogent's New York Office") and its principal place of business at 2450 N Street NW, Washington, DC 20037.

6. Cogent is an Internet Service Provider which provides Internet access and data transport to companies.

## FACTS COMMON TO ALL COUNTS

7. From May 2015 to January 2018, Mr. Doe worked in Cogent's New York Office as a National Account Manager.

8. At all times, Mr. Doe's performance met or exceeded Cogent's reasonable expectations.

9. In January 2016, Mr. Doe attended a sales conference called the Annual Kickoff. While at a restaurant, Mr. Doe was approached by his supervisor, Dinesh Sajnani.

---

[1] Plaintiff has used a fictitious name. Plaintiff will request that the Court permit him to proceed in this fashion because i) this lawsuit involves a dispute between private parties and concerns matters that are highly sensitive and of a personal nature; ii) no public interest is furthered by requiring Plaintiff to disclose his identity; iii) except in confidential communications with Cogent, Plaintiff's identity has thus far been kept confidential and there are no alternative mechanisms for protecting his confidentiality; and iv) permitting Plaintiff to press his claims anonymously will not prejudice Defendant.

10. Mr. Sajnani proceeded to place his hand down the back of Mr. Doe's pants and touch the latter's rear end.

11. Mr. Doe protested, saying, "What the hell was that?"

12. Mr. Sajnani responded, "Next time I will use all 4 fingers," and added a few other expletives.

13. The aforementioned incident as described in paragraphs 9-12, supra ("the January 2016 Incident") was *not* the first occasion that Mr. Sajnani had engaged in inappropriate behavior. To the contrary, he frequently made inappropriate comments in the workplace.

14. Due to this inappropriate behavior, other Cogent employees had complained to HR regarding Mr. Sajnani.

15. On or about February 4, 2016, Mr. Doe reported the January 2016 Incident in writing to Cogent's Director of Human Resources ("Mr. Doe's HR Complaint").

16. Mr. Sajnani's employment was not terminated as a result of Mr. Doe's HR Complaint.

17. As a result of Mr. Doe's HR Complaint, Mr. Sajnani was not suspended.

18. As a result of Mr. Doe's HR Complaint, Mr. Sajnani was not demoted.

19. As a result of Mr. Doe's HR Complaint, Mr. Sajnani's rate of pay was not affected.

20. As a result of Mr. Doe's HR Complaint, Cogent did not discipline Mr. Sajnani in any manner.

21. The January 2016 Incident represented the first occasion that Mr. Sajnani had sexually assaulted a subordinate.

22. Had Mr. Sajnani assaulted a woman, Cogent would have terminated Mr. Sajnani's employment or, at a minimum, subjected him to greater discipline than it did in response to the January 2016 Incident.

23. Cogent failed to keep Mr. Doe's complaint regarding the January 2016 Incident confidential. As a result, the incident became known throughout the company, which caused Mr. Doe to become the butt of his colleagues' jokes.

24. For example, on one occasion during an inter-office move, when an individual asked why the work location of Mr. Sajnani (and other employees) had been changed, another individual responded, "Because he put his hand on [Mr. Doe]'s ass."

25. Due to Cogent's failure to appropriately discipline Mr. Sajnani, Mr. Doe felt extremely uncomfortable at work. For example, he was reluctant to use the men's room.

26. He also avoided riding in the same elevator, walking down the same hallway, or entering the building at the same time as Mr. Sajnani.

27. The many occasions in which he did encounter Mr. Sajnani caused Mr. Doe anxiety.

28. In or about January 2018, Mr. Doe discontinued his employment with Cogent.

## FIRST CAUSE OF ACTION
### (Executive Law § 296–Hostile Work Environment)

29. Plaintiff realleges each of the allegations set forth above as if set forth herein at length.

30. At all times relevant to this matter, Cogent had at least four persons in its employ, and therefore qualified as an "employer" under the New York Human Rights Law ("NYSHRL"). See N.Y. Exec. Law § 292(5).

31. The January 2016 Incident, as described in paragraphs 9-12, supra, was direct contact with an intimate body part and therefore constituted one of the most severe forms of sexual harassment. As such, it was severe or pervasive enough so as to alter the conditions of Mr. Doe's employment and create an abusive working environment.

32. As evidenced by Cogent's failure to discipline Mr. Sajnani in the same manner as it would have had he assaulted a woman, as well as the fact that the latter had never previously assaulted a woman, Mr. Doe was subject to discrimination due to his gender.

33. Due to i) the January 2016 Incident; ii) Cogent's failure to take appropriate remedial measures despite being placed on notice of said incident and Mr. Doe's resulting discomfort; and iii) the company's failure to keep Mr. Doe's complaint confidential and the resulting ridicule of Mr. Doe ("Cogent's Actions/Inactions"), Mr. Doe perceived his work environment to be abusive..

34. Due to Cogent's Actions/Inactions as set forth in paragraph 33, supra, as well as its failure to appropriately remediate the hostile work environment in the prior two instances involving Mr. Sajnani (as described in paragraphs 13-14, supra), there exists a specific basis exists for imputing the conduct that created the hostile environment to Cogent.

## SECOND CAUSE OF ACTION
### (New York City Human Rights Law– § 8-107(a)- Unlawful Discriminatory Practice)

35. Plaintiff realleges each of the allegations set forth above as if set forth herein at length.

36. Under the New York City Human Rights Law ("CHRL"), it is unlawful to subject an individual to differential treatment of any degree based on a discriminsatory motive.

37. As evidenced by Cogent's Actions/Inactions as set forth in paragraph 33, supra, Mr. Doe was treated in a less favorable fashion due to his gender.

38. Cogent's actions amount to willful or wanton negligence, recklessness, and/or a conscious disregard of Mr. Doe's rights.

WHEREFORE, Plaintiff John Doe demands that judgment be entered against Defendant Cogent Communications, Inc. as follows:

1. Against Defendant Cogent Communications, Inc. on the First Cause of Action and that he be awarded a) compensatory damages including without limitation back pay, front pay, pension and other lost benefits that she would have received but for defendants' actions; b) additional compensatory damages for the emotional distress defendants' unlawful conduct has caused plaintiff; c) punitive damages; d) prejudgment interest of 9% as required under the civil practice law and rules; e) counsel fees and costs; f) such equitable and injunctive relief as may be appropriate; and g) such other relief as the court deems just and appropriate under the circumstances.

2. Against Defendant Cogent Communications, Inc. on the Second Cause of Action and that he be awarded a) compensatory damages including without limitation back pay, front pay, pension and other lost benefits that she would have received but for defendants' actions; b) additional compensatory damages for the emotional distress defendants' unlawful conduct has caused plaintiff; c) punitive damages; d) prejudgment interest of 9% as required under the civil practice law and rules; e) counsel fees and costs; f) such equitable and injunctive relief as may be appropriate; and g) such other relief as the court deems just and appropriate under the circumstances.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised.

Dated: Springfield, New Jersey
November 14, 2018

                              **JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.**

By: /s/ Andrew Moskowitz
      Andrew M. Moskowitz, Esq.

505 Morris Avenue
Springfield, NJ 07081
(973) 379-4200
amoskowitz@lawjw.com

Attorneys for Plaintiff John Doe